**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL B.[1] | : | Case No. 2:25–cv–977 |
| Plaintiff, | : | |
| vs. | : | District Judge Algenon L. Marbley<br>Magistrate Judge Peter B. Silvain, Jr. |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATIONS[2]**

Plaintiff Daniel B. brings this case challenging the Social Security Administration's denial of his applications for a period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #10), the Commissioner's Memorandum in Opposition (Doc. #11), and the administrative record (Doc. #7).

## I. <u>Background</u>

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22–01.
[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469–70.

In the present case, Plaintiff applied for benefits on July 14, 2021, alleging disability due to post-traumatic stress disorder (PTSD). (Doc. #7, *PageID* #263). After Plaintiff's application was denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Kevin Barnes. On August 24, 2022, ALJ Barnes concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. (Doc. #7, *PageID* #s 41–59).

After the Appeals Council denied review, Plaintiff filed a previous case in the United States District Court for the Southern District of Ohio. Upon the parties' Joint Motion to Remand, this Court remanded the case to the Commissioner. *See [Daniel B.] v. Comm'r of Soc. Sec.*, No. 2:23-CV-3468 (S.D. Ohio Dec. 12, 2023); (Doc. #7, *PageID* #s 1489–93). Upon remand, the case returned to ALJ Barnes, who held a hearing via telephone on December 17, 2024, (Doc. #7, *PageID* #s 1449–62), and issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[3] He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since June 18, 2018, the alleged onset date.

Step 2: He has the following severe impairments: post-traumatic stress disorder (PTSD); schizophrenia spectrum disorder; heroin use disorder, in suboxone-supported remission; amphetamine use disorder, in partial remission; and alcohol use disorder, in partial remission.

[3] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

Step 3: Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity, or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of performing "a full range of work at all exertional levels subject to the following nonexertional limitations: (1) simple, routine, repetitive tasks; (2) in a work environment free of fast-paced production requirements; (3) occasional, superficial interaction with coworkers with no tandem tasks; (4) occasional, superficial interaction with supervisors; (5) incidental, superficial interaction with the public with no sustained communication or problem-solving with the public; (6) simple, work-related decisions with a further limitation to work that does not require changing tasks from day-today. Instead, work is limited to a fairly regular set of job duties and expectations."

Step 4: He has no past relevant work.

Step 5: Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform.

(Doc. #7, *PageID* #s 1429–41). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits–qualifying disability from June 5, 2018, through the date of his decision. *Id.* at 1441.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7, *PageID* #s 1424–1448), Plaintiff's Statement of Errors (Doc. #10), and the Commissioner's Memorandum in Opposition (Doc. #11). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. <u>Standard of Review</u>

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r*

*of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec*., 478 F.3d 742, 745–46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546–47 (6th Cir. 2004)).

## III. <u>Discussion</u>

Plaintiff argues that the ALJ's RFC determination contains "vague and undefined terms that preclude an understanding of exactly how [Plaintiff] is limited in his ability to interact with others." (Doc. #10, *PageID* #s 2054–58). Plaintiff does not challenge the ALJ's assessment of the opinion evidence. *Id.* Rather, Plaintiff asserts that the ALJ erred by failing to define the term "superficial" when adopting the limitations into the RFC. *Id.* The Commissioner maintains that substantial evidence supports the ALJ's RFC determination as it relates to Plaintiff's social interaction limitations. (Doc. #11, *PageID* #s 2061–64). The Commissioner further avers that "the ALJ did provide additional guidance noting that the interaction could only be 'incidental' with the

public with no sustain communication of problem-solving with he public and … no tandem tasks with coworkers." *Id.* at 2063 (citation omitted).

An individual's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). While medical source opinions are considered, the final responsibility for deciding the RFC is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC."). As such, the ALJ bears the responsibility for assessing an individual's RFC based on all the relevant evidence, 20 C.F.R. § 404.1546(c), and must consider all of an individual's medically determinable impairments, both individually and in combination. *See* Soc. Sec. R. 96–8p, 1996 WL 374184, *7 (Soc. Sec. Admin. July 2, 1996).

In rendering the RFC determination, the ALJ need not discuss every piece of evidence considered. *See Conner v. Comm'r*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r*, 99 F. App'x 661, 665 (6th Cir. May 21, 2004). However, the ALJ still has an obligation to consider all of the evidence before him and to meaningfully explain how the evidence supports each conclusion and limitation included in the RFC. *See Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017) (Newman, M.J.), *report and recommendation adopted*, No. 3:16–CV–124, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017) (Rice, D.J.); Soc. Sec. R. 96–8p, 1996 WL 374184, *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts … and nonmedical evidence…"). Further, the ALJ may not simply ignore evidence that does not support his decision. *See e.g., Germany–Johnson v. Comm'r of Soc. Sec.*, 313 F. App'x 771, 777 (6th Cir. 2008) (finding error

where the ALJ was "selective in parsing the various medical reports"); *Ackles v. Colvin*, No. 3:14CV00249, 2015 WL 1757474, at *6 (S.D. Ohio Apr. 17, 2015) (Ovington, M.J.), *report and recommendation adopted*, No. 3:14CV00249, 2015 WL 2142396 (S.D. Ohio May 6, 2015) (Rice, D.J.) ("The ALJ did not mention this objective evidence and erred by selectively including only the portions of the medical evidence that placed Plaintiff in a capable light.").

Here, in formulating Plaintiff's mental RFC, the ALJ considered the opinion evidence of record and found the opinions of the state agency consulting psychologists, Ellen Rozenfeld, Ph.D., and Paul Huffman, Ph.D., to be "partially persuasive." (Doc. #7, *PageID* #s 1433–34) (citing *id.* at 84–92, 104–12). Dr. Rozenfeld, who reviewed Plaintiff's claim at the initial level, opined that Plaintiff has a moderate limitations in his ability to interact with others as well as in his ability to adapt or manage oneself. *Id.* at 87. Dr. Rozenfeld found that Plaintiff is able to perform work that does not require changing tasks from day-to-day but rather has a fairly regular set of job duties and expectations in an environment where interactions with coworkers and supervisors are brief and superficial with incidental public contact and no sustained communication or problem solving with the public. *Id.* at 90–91. On reconsideration, Dr. Huffman adopted the same social functional limitations as Dr. Rozenfeld. *Id.* at 109–10.

The ALJ also considered the opinion of John Reece, Psy.D., who performed a psychological examination in October 2021. *Id.* at 1432–33. Dr. Reece diagnosed Plaintiff with schizophrenia spectrum disorder and a trauma and stress-related disorder considered to be indicative of PTSD. *Id.* at 1433. Dr. Reece reported that Plaintiff "retains adequate an insight/judgment to make his own decisions, seek appropriate community resources, and to live independently, including managing his personal finances." *Id.* However, Dr. Reece also reported

that Plaintiff's ability to effectively engage in social interactions and copying with workplace stress may be compromised. *Id.* The ALJ, noting that his "examination report does not include the most precise or vocationally defined limitations," found Dr. Reece's opinions "partially persuasive" and states that he appears to opine moderate functional limitations, which the ALJ includes in the RFC. *Id.*

Considering the opinion evidence in the record, the ALJ limited Plaintiff to "occasional, superficial interaction with coworkers with no tandem tasks"; "occasional, superficial interaction with supervisors"; and "incidental, superficial interaction with the public with no sustained communication or problem-solving with the public." *Id.* at 1437.

As an initial matter, "'superficial interaction' is a well-recognized, work-related limitation." *Hutton v. Comm'r of Soc. Sec.*, No. 2:20-CV-339, 2020 WL 3866855, at *13 (S.D. Ohio July 9, 2020) (Vascura, M.J.), *adopted by* 2020 WL 4334920 (S.D. Ohio July 28, 2020) (Morrison, D.J.). Further, in combination with limitations that also address the quantity of time spent with coworkers, supervisors, and the public—using the terms "occasional" and "incidental"—the ALJ has distinguished "superficial" as a limitation to the quality of Plaintiff's interactions with others. *See e.g., id.*; *Lindsey v. Comm'r Soc. Sec.*, No. 2:18-CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) ("'Occasional contact' goes to the quantity of time spent with [ ] individuals, whereas 'superficial contact' goes to the quality of the interactions.") (quoting *Hurley v. Berryhill*, No. 1:17-CV-421, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018)). Likewise, by further limiting Plaintiff to "occasional, superficial interaction with coworkers *with no tandem tasks*," the ALJ adequately addressed recommendations that further narrow the scope of the limitation to "superficial interactions" with others. *See e.g., Damon J. v. Comm'r of Soc.*

*Sec*., No. 3:23-CV-36, 2024 WL 193658, at *8 (S.D. Ohio Jan. 18, 2024) (Bowman, M.J.), *report and recommendation adopted sub nom. Damon J. v. Comm'r of Soc. Sec. Admin*., No. 3:23-CV-36, 2024 WL 1257257, at *8 (S.D. Ohio Mar. 25, 2024) (Newman, D.J.) ("Elimination of 'tandem' work obviously precludes 'work with others.'"); *Stamper v. Comm'r of Soc. Sec*., No. 1:20-cv-467, 2021 WL 5577405, at *13–14 (S.D. Ohio Nov. 30, 2021) (Litkovitz, M.J.), *report and recommendation adopted sub nom. Stamper v. Kijakazi*, 2022 WL 1183234 (S.D. Ohio April 21, 2022) (Black, D.J.) (finding a limitation for "no tandem or shared tasks" accounted for plaintiff's limitation to superficial interaction with supervisors, coworkers, and the general public); *David W. v. Comm'r of Soc. Sec*., No. 3:24-CV-255, 2025 WL 841074, at *8 (S.D. Ohio Mar. 18, 2025) (Jolson, M.J.) (finding no error where the ALJ limited plaintiff to "occasional and superficial contact with coworkers and supervisors" and no jobs involving tandem tasks.); *Dickinson v. Comm'r of Soc. Sec*., No. 2:19-CV-3670, 2020 WL 4333296, at *12 (S.D. Ohio July 27, 2020) (Preston Deavers, M.J.), *adopted by* 2020 WL 5016823 (S.D. Ohio Aug. 25, 2020) (Graham, D.J.) ("The Court agrees that the limitation to no tandem tasks is a qualitative limitation on social interaction. As such, this limitation adequately addressed the [medical opinions] that Plaintiff be limited to superficial interaction with others.") (internal citations omitted).

Generally, there is "no regulation from the Social Security Administration [that] requires an ALJ to analyze superficial interactions a specific way." *Andrea B. v. Comm'r of Soc. Sec*., No. 3:22-CV-55, 2023 WL 128288, at *29 (S.D. Ohio Jan. 9, 2023) (Jolson, M.J.). The ALJ need only "include a narrative discussion, describing how the evidence supports the ALJ's conclusions, citing specific medical facts, and non-medical evidence." *Warren I. v. Comm'r of Soc. Sec*., 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting *Natashia R. v. Berryhill*, No. 3:17-CV-1266,

2019 WL 1260049, at *11 (N.D.N.Y. Mar. 19, 2019) (citing SSR 96-8p, 1996 SSR LEXIS 5, 1996 WL 374184, at *7)). The ALJ has done so in this case. While the ALJ did not expressly define the term "superficial" in his RFC assessment, the vocational expert did not express concern regarding the specificity of the hypothetical RFC on examination, (Doc. #7. *PageID* #s 1456–62), and the ALJ's RFC is consistent with the opinions of Dr. Reece, Dr. Rozenfeld, and Dr. Huffman. The ALJ found Dr. Reece's opined limitations to accommodate Plaintiff's reduced stress tolerance were "appropriate," noting that Plaintiff reported a history of substance abuse and Dr. Reece's observations of deficits in Plaintiff's ability to engage with workplace stress or pressure. *Id.* at 1433. Further, the ALJ highlighted that Plaintiff reported "a propensity toward anger, hypervigilance, and auditory hallucinations and paranoid beliefs." *Id.* The ALJ also noted that, on the other hand, Plaintiff denied difficulties with coworkers and supervisors during his examination with Dr. Reece and that the DDD reviewing psychologists found that Plaintiff had the capacity to relate to his coworkers and supervisors "on a brief and superficial basis." *Id.* Further, while Plaintiff admits to experiencing auditory hallucinations, he appears to have "full contact with reality," as he does not respond to these voices. *Id.* For these reasons, the ALJ reasoned that the formulated RFC was "sufficient to ensure that any tasks [Plaintiff] would be compelled to have as part of his actual job duties fully accommodate difficulties he might experience in that regard." *Id.*

In his evaluation of the "paragraph B" criteria, the ALJ explained why Plaintiff was no more than moderately limited in his ability to interact with others. *Id.* at 1435. Noting Plaintiff's propensity toward irritability as well as his hallucinations, delusions, and bouts of anxiety and/or depression, the ALJ highlighted Plaintiff's ability to conform his behavior to socially acceptable standards, interact with others appropriately "when he chooses to do so," maintain average eye

contact, attend AA meetings, and work for a tree service company with a friend. *Id.* The ALJ also noted that Plaintiff denied problems with coworkers or supervisors, was generally cooperative during examinations, and was previously married and had a girlfriend. *Id.* Taking into account all of the above, the ALJ reasoned that "some degree of limitation is to be expected," finding that Plaintiff is moderately limited in his ability to interact with others. *Id.* The ALJ's RFC accounts for the above limitations.

Therefore, the ALJ properly explained his RFC limitations and adequately accounted for Plaintiff's limited ability to interact with others generally and in a work setting.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Statement of Errors (Doc. #10) be **OVERRULLED;**
2. The Commissioner's non–disability finding be **AFFIRMED**; and
3. The case be terminated on the Court's docket.

July 31, 2026

*s/ Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981).