**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DANIEL D. B.,** | : | |
| | : | **Case No. 2:25-cv-00977** |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Peter B. Silvain, Jr.** |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before this Court on Plaintiff Daniel B.'s Objection (ECF No. 13) to the Magistrate Judge's July 31, 2026, Report and Recommendation. (ECF No. 12). For the following reasons, the Report and Recommendation is **ADOPTED** and Plaintiff's Objection is **OVERRULED**.

When a Magistrate Judge issues a Report and Recommendation on a dispositive matter and a party objects, the district court "must determine" the portions of the Report and Recommendation properly objected to "de novo." Fed. R. Civ. P. 72(b)(3). Upon review, the district court "may accept, reject, or modify, the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Plaintiff raised a single objection to the Administrative Law Judge's determination, which "include[d] a limitation to 'superficial' interaction in the residual function capacity." (ECF No. 13 at 2). Plaintiff argued before the Magistrate Judge that the Administrative Law Judge's "use of 'superficial' made it impossible to properly review the ALJ's decision." (*Id.*). The Magistrate Judge disagreed with Plaintiff's position and provided an analysis of the term. (ECF No. 12 at 7).

Although Plaintiff claims that he "does not disagree" with the Magistrate Judge's analysis in general, he contends that the term is simply too vague because the Administrative Law Judge failed to define the term. (ECF No. 13 at 2–3). He seeks reversal and remand for further proceedings.

Plaintiff's objection here fails because it is too perfunctory, and it is unclear to which part (if any) of the Magistrate Judge's decision he objects. Where an objector does "not specifically address how the [magistrate judge's] report's factual and legal recommendations were *incorrect*," their objection is waived. *Fields v. Lapeer 71-A Dist. Ct. Clerk*, 2 F. App'x 481, 482–83 (6th Cir. 2001) (emphasis added). "Aside from assertions regarding [the] Administrative Law Judge['s] . . . errors, Plaintiff 'does not explain how or provide any authoritative support as justification' for this Court to see how the Magistrate Judge erred, and this Court 'is under no obligation to develop this argument on [Plaintiff's] behalf." *Ruth T. v. Comm'r of Soc. Sec.*, 2026 WL 2790241, at *2 (S.D. Ohio Sept. 17, 2026) (Marbley, J.) (citation omitted). Although Plaintiff seeks to incorporate his statement of errors into his objection, that practice is "disfavor[ed]." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Moreover, it does not help him to develop his argument on objection and show how the Magistrate Judge erred. Courts generally find that such attempts "do[] not meet the specificity requirement and amount[] to a general objection." *Annabel v. Mich. Dep't of Corr.*, 2021 WL 3721288, at *1 (W.D. Mich. Aug. 23, 2021); *accord Mayer v. Anderson*, 2009 WL 1405842, at *1 (N.D. Ohio May 18, 2009). This is a fundamental problem for Plaintiff, because "[a] general objection is considered the equivalent of failing to object entirely." *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004). ]

For the reasons set forth above, Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (ECF No. 13) is **OVERRULED**. This Court hereby **ADOPTS** the Magistrate

Judge's Report and Recommendation (ECF No. 12) and **DIRECTS** the Clerk of Court to **TERMINATE** this case.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 29, 2026**